IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                Criminal No. 1:03CR49-5

HEATHER MICHELE CECIL,
        Defendant.

## ORDER/OPINION

On the 24th day of May 2007, came the defendant, Heather Michele Cecil, in person and by her counsel, Brian J. Kornbrath, and also came the United States by its Assistant United States Attorney, Zelda E. Wesley, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on May 9, 2007, and an Amended Petition filed May 23, 2007, alleging:

1) <u>Violation of Mandatory Condition No. 1: While on supervised release, the defendant shall not commit another federal, state or local crime. The defendant shall not illegally possess a controlled substance</u>.

2) <u>Violation of Standard Condition No. 7: The defendant shall refrain from excessive use of alcohol and shall not purchase, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician</u>.

On April 30, 2007, the defendant furnished a urine specimen which was confirmed positive for cocaine by Kroll Laboratory Specialists, Inc. On May 2, 2007.

3) <u>Violation of Mandatory Condition No. 1: While on supervised release, the defendant shall not commit another federal, state or local crime.</u>

On May 13, 2007, the defendant was arrested by the Clarksburg city Police Department and charged with domestic Battery . . . .

4) <u>Violation of Standard Condition No. 7: The defendant shall refrain from excessive use of alcohol and shall not purchase, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician</u>.

Subsequent to her arrest on May 13, 2007, the defendant submitted to an alcohol test on the Intoxilyzer 5000 at the Clarksburg Police Department. The test results indicate the defendant's blood alcohol content was .190 . . . .

The defendant's Probation Officer noted that Defendant denied any use of cocaine at the time of the drug test on April 30, 2007. After the drug test was confirmed positive, the Probation Officer met with Defendant to discuss the matter. Defendant continued to deny any use of cocaine. She had no explanation as to how she could have tested positive for cocaine. The Probation Officer further noted that Defendant is currently under an improvement period with the Department of Health and Human Resources and the Family Court of Monongalia County, West Virginia, in an effort to regain custody of her four children.

Prior to the taking of evidence, Defendant waived the preliminary hearing in writing, conceding probable cause existed to forward this revocation matter to Chief United States District Judge Irene M. Keeley for hearing and disposition.

The Court then explained the charges contained in the Petitions and the effect of the proposed waiver to Defendant and inquired of her as to the voluntariness of her decision to waive the preliminary hearing. From the colloquy between the Court and the defendant, the Court concludes Defendant's decision to waive the preliminary hearing was knowingly and voluntarily made.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated conditions of her supervised release as alleged in the Petition for Warrant or

Summons for Offender Under Supervision filed on May 9, 2007 and the Amended Petition filed May 23, 2007.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia on the violations alleged in the Petition for Warrant or Summons for Offender Under Supervision filed on May 9, 2007, and the Amended Petition filed May 23, 2007.

Defendant, through counsel, then requested she be permitted to remain on supervised release pending further proceedings in this matter. Defendant asserted the victim of the alleged domestic incident no longer lives with her, and they are in fact not permitted to have contact with each other pursuant to their respective State bonds. She suggested she could undergo more frequent alcohol and drug testing, and could go to the Probation Office daily. Defendant also stated she had been on release from July 2006 until her April 30, 2007, with no violations.

The United States stated it had no real objection to Defendant's continued release, except for a concern that she had used alcohol and admitted to using cocaine. The United States believed that with increased testing, it would have no objection to Defendant's release. The United States commented that, prior to this incident, Defendant had tested negative for drugs consistently, and had walked a couple of miles several days a week in order to visit with her children, of whom she is attempting to regain custody.

The Court raised the issue of the safety of the community. The Court then found that based on the strong probable cause related to the allegations in the Petitions, and the fact that the allegations included violence, the court would **DENY** the motion for release pending further proceedings.

It is therefore **ORDERED** that Defendant is remanded to the custody of the United States

marshal pending further proceedings..

The Clerk of the Court is directed to send a copy of this order to counsel of record.

DATED: May 25, 2007

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE